196 N.J. Super. 392 (1984)
482 A.2d 961
STATE OF NEW JERSEY, PLAINTIFF,
v.
MARIA D'ADDARIO AND JOSEPH D'ADDARIO, DEFENDANTS.
Superior Court of New Jersey, Law Division Criminal, Union County.
August 16, 1984.
*393 James L. Sonageri, Asst. Pros. for plaintiff (John H. Stamler, Prosecutor).
Thomas Olivieri, for defendant Maria D'Addario.
Anthony Fusco, Jr., for defendant Joseph D'Addario.
*394 MENZA, J.S.C.
The defendants are charged with violating N.J.S.A. 2C:29-3a(7), hindering apprehension or prosecution.[1] They bring this motion for Judgment of Acquittal after the States' case, pursuant to R. 3:18-1.[2] The disposition of this motion requires the court to construe the meaning of the statute under which the defendants are charged. No court of this State has previously done so.
N.J.S.A. 2C:29-3a(7) provides:
A person commits an offense if, with purpose to hinder the apprehension, prosecution, conviction or punishment of another for an offense he:
* * * * * * * *
volunteers false information to a law enforcement officer.
It is not necessary that the facts of this case be set forth in any detail. It is sufficient to say that the charges are based on responses alleged to have been made by the defendants to a police officer who made inquiries of them regarding the identification of a person in police custody. The evidence proffered by the State provides no other basis upon which the jury might convict.
The defendants contend that the State has failed to prove that they `volunteered' the information within the meaning of *395 the statute. Specifically, they argue that the statute in question proscribes only that conduct in which a person takes the initiative in providing false information to the police, that is, it penalizes only one who comes forward without any prompting or inquiry by the police and provides them with false information.
The State maintains that such an interpretation is too narrow in scope, and that the word `volunteer' includes any voluntary statement made by a defendant whether or not it is in response to a question asked by a police officer.
The resolution of this issue requires the court to consider the legislative intent in order to determine that which the statute prohibits. In determining the legislative intent, the court must look to the fair import of the terms used in the statutory provisions unless the language "is susceptible of differing constructions," in which case the court must interpret in a manner that furthers the general purposes underlying all Code offenses and "the special purposes of the particular provision involved." N.J.S.A. 2C:1-2(c).[3] The "special purposes" mentioned by the Code may be found in other indicia of legislative intent, such as the Code's legislative history and committee and commission reports. See, e.g., State v. Madden, 61 N.J. 377, 389 (1972); Shapiro v. Essex Cty. Freeholder Bd., 177 N.J. Super. 87, 92-93 (Law Div. 1980), aff'd. 183 N.J. Super. 24 (App.Div. 1982), aff'd. 91 N.J. 430 (1982). Looking first at the `fair import' of the term, I note that the verb "volunteer" is defined in the dictionary as follows:

*396 [T]o offer (oneself or one's services) for some undertaking or purpose; ... to give, bestow, or perform without being asked. . .; to say, tell, or communicate voluntarily.... [The Random House Dictionary of the English Language, copyright 1981; emphasis supplied].
This definition, particularly the emphasized language, supports the conclusion that the meaning of `volunteer', as used in N.J.S.A. 2C:29-3a(7), is that the accused must take the initiative in giving false information; that he must make an offer or tender without solicitation.
Arguably, the last portion of the definition  to say, tell or communicate voluntarily  may lend support to the State's position. However, the Commentary to the Code makes it crystal clear that defendants' interpretation of the statute is the correct interpretation.
Initially, the Commentary points out that N.J.S.A. 2C:29-3 was intended to replace some of the "common law rules relating to accessories after the fact." II Final Report of the New Jersey Criminal Law Revision Commission: Commentary 282 (hereinafter cited as Code Commentary). The drafters of the Code rejected the general phraseology of "aids or assists" in the prior law in favor of specific types of `aid' enumerated in N.J.S.A. 2C:29-3(a). In this regard the Final Report made the following comment:
That there may be need to limit the kinds of aid which will be made criminal appears when we consider the possible application of the Section to a person who merely refuses to answer police questions about the fugitive, or gives or counsels him as to likely refuges or the law of extradition or supplies bail. Although assistance of this character would appear to fall within the ordinary meaning of the term "aid", the courts have shown a reluctance to extend the law so far. [Code Commentary at 284].
Moreover, the drafters specifically addressed the application of N.J.S.A. 2C:29-3a(7):
With regard to non-cooperation with police investigations, it should be borne in mind that the law provides means of compelling testimony under oath, and that a penal policy with respect to unsworn false statements to police has been laid down in other sections of the Code with advertence to the danger of abusive charges being brought by police against persons interviewed in the course of investigating crime. The borderline case of `volunteered' misinformation to the police, dealt with in [subsection (a)(7)] would not be covered elsewhere *397 and is intended to reach those who take the initiative in throwing the police off the track. [Id. at 285; emphasis supplied].
Thus, the meaning of this particular section of the Code is clear. It applies only to those persons who "take the initiative" in coming forward with information for law enforcement officers. In this case the State's evidence shows that the defendants did not take the initiative in supplying false information to the police; they responded to police inquiries. They may very well have violated other subsections of N.J.S.A. 2C:29-3a, but they have not violated the section at issue.
For the reasons stated, the defendants motion to dismiss pursuant to R. 3:18-1 is granted.
NOTES
[1] The Grand Jury considered two other sections of the statute in determining the charges to be lodged against the defendants. It considered Subsection (2) of the statute, which prohibits the providing of weapons, money, etc. to another person, and Subsection (5) of the statute, which concerns the obstruction of prosecution by means of deception. The Grand Jury dismissed both charges and elected to indict the defendants under Subsection (7) of the statute, which makes it a crime for a person to volunteer false information to the police.
[2] This rule provides:

At the close of the State's case or after the evidence of all parties has been closed, the court shall, on defendant's motion or its own initiative, order the entry of a judgment of acquittal of one or more offenses charged in the indictment or accusation if the evidence is insufficient to warrant a conviction.
[3] The general purposes of the provisions defining offenses are set forth in N.J.S.A. 2C:1-2(a), the relevant portions of which appear to be Subsections (4) and (6):

(4) To give fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction.
* * * * * * * *
(6) To define adequately the act and mental state which constitute each offense, and limit the condemnation of conduct as criminal when it is without fault.