584 A.2d 1038

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gregory Alan ECKERT, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 24, 1990.

Filed Jan. 16, 1991.

Glenn D. Welsh, Reading, for appellant.

Charles M. Guthrie, Asst. Dist. Atty., Reading, for Com., appellee.

Before POPOVICH, FORD ELLIOTT and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Berks County, following appellant's conviction of tampering with or fabricating physical evidence.[1]

Herein, appellant questions whether the evidence was sufficient to sustain his conviction. After reviewing the record in the light most favorable to the Commonwealth, we are certain that the Commonwealth failed to establish all elements of tampering with or fabrication of physical evidence beyond a reasonable doubt. *Commonwealth v. Wallace,* 522 Pa. 297, 304, 561 A.2d 719, 722 n. 7; *Commonwealth v. Syre,* 507 Pa. 299, 489 A.2d 1340 (1985); *Commonwealth v. Madison,* 501 Pa. 485, 462 A.2d 228 (1983) (standard of review for sufficiency of the evidence claim).

The procedural and substantive facts of this case were stated by the court below as follows:

On Monday, June 19, 1989, in the Parole Hearing Room at Berks County Prison during a private interview, Private Investigator Nevin G. Frey and Assistant Public Defender Gary L Dorsett, defendant's court-appointed investigator and counsel, respectively, were given a two-page statement handwritten in their presence by inmate Howard Roy Emerick, Jr. Essentially this statement implicated a Brian Gavin, rather than defendant, as the murderer of defendant's brother Michael Eckert. On

1. 18 Pa.C.S.A. § 4910(2).

March 1, 1988, defendant had been convicted by a Berks County jury on the July 14, 1987, stabbing death of his younger brother Michael at 424 South 10th St., Reading.

During an interview at City Hall by Reading Bureau of Police Criminal Investigator Michael J. Kurtz on June 21, 1989, Emerick repudiated, or disavowed, his earlier two-page statement to Messr. Frey and Dorsett as wholly false and wholly the product of his coercion, or intimidation, by defendant. On June 29, 1989, defendant was arrested by the PA State Police and charged with the alleged commission of the crimes of Intimidation of Witnesses or Victims, Tampering with or Fabricating Physical Evidence, and Criminal Solicitation (to Commit Perjury). (footnotes omitted)

After a Preliminary Hearing held before District Justice Douglas Heydt on August 15, 1989, all three criminal charges were bound into the Court of Common Pleas of Berks County. The case was called to trial on December 4, 1989, before the Honorable Calvin E. Smith and a jury, to which all three counts were given. On December 6, 1989, after about 5 hours' deliberation, the defendant was found not guilty of the two felony counts, Intimidation of Witnesses of Victims *and* Criminal Solicitation (to Commit Perjury), but guilty of the single misdemeanor count of Tampering with or Fabricating Physical Evidence. On December 14, 1989, a posttrial Motion in Arrest of Judgment with respect to the misdemeanor of the second degree count was timely filed, and a hearing thereon was scheduled for December 27, 1990.

Trial Court Opinion, p. 2–3.

Appellant's post-trial motion in arrest of judgment was denied, and this appeal followed. Tampering with or Fabrication of Physical Evidence, 18 Pa.C.S.A. § 4910, in pertinent part, provides:

A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:

\* \* \* \* \* \*

(2) makes, presents or uses any record, document or thing knowing it to be false and with intent to mislead a public servant who is or may be engaged in such proceeding or investigation.

Thus, the elements of the crime, as applied to the case at bar, are: 1) defendant believes an official proceeding or investigation is pending or about to be instituted; 2) defendant makes, presents or uses a false document; 3) defendant knows the document is false; and 4) defendant uses the document with the intent to mislead a public servant who is or may be engaged in the proceeding or investigation.

Instantly, we find that the facts presented fail to establish the first element of the crime. As stated in the comment to the statute, "The purpose of this section is to specifically penalize prehearing or investigation fabrication or tampering as a broad application of 'obstructing justice.'" It is clear that this crime is intended to punish fabrication of evidence when the perpetrator believes an official proceeding or investigation is pending or about to begin, i.e., fabrication of evidence which would affect the fact-finding process of a criminal proceeding or investigation.

Instantly, there was no official proceeding or investigation *pending or about to be instituted* in which the false document (here, Emerick's two-page letter) could be used to mislead. Tailored to the specific facts of this case, the crime was designed to prevent fabrication of evidence which could later be used at appellant's murder trial. However, appellant had already been convicted of murder months before the document was created. The fact that appellant was not yet sentenced for murder is of no consequence because *the fact-finding process was already complete* at the time the false document was offered.

The distinction presently is that appellant used the false document with the intent to re-institute an otherwise closed investigation, rather than with the intent to mislead a public

official who is already or about to be engaged in an investigation. Common sense dictates that the investigation of the veracity of the document itself can not serve as the underlying investigation element of the crime.

Having found that an element of the crime of Tampering with or Fabrication of Physical Evidence was not established beyond a reasonable doubt, we vacate appellant's judgment of sentence.

Judgment of sentence vacated.