## Commonwealth v. Heisterkamp

*Eric Nonnan, chief deputy attorney general,* for the Commonwealth.

*Arthur L. Goldberg,* for defendant.

TURGEON, *J.,* October 23, 1992—Defendant Laura V. Heisterkamp has been charged with a violation of 18 Pa.C.S. §4910(1), *Tampering With or Fabrication of Physical Evidence,* for 46 incidents where she admittedly stole cocaine, for her own personal use, from various

criminal and juvenile files while employed as a prosecutor for the Dauphin County District Attorney's Office. Section 4910(1) of the Crimes Code states as follows:

"A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:

"(1) alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation;..."

The parties presented a stipulation of facts to this court to determine whether the facts established a prima facie case under this section. After determining that such a case had been made, a bench trial on this matter was held on September 15, 1992. The defendant on that date pled guilty to the charges of unlawful possession of cocaine and theft by unlawful taking. At trial, the Commonwealth submitted the stipulation of facts and rested their case. The defendant testified on her own behalf. It is this court's duty to now determine, based upon the evidence, whether the Commonwealth has met its burden of proving the defendant guilty beyond a reasonable doubt on the tampering charge.

The elements of the crime charged, as applied to the case at bar, require proof beyond a reasonable doubt that: (1) the defendant believed an official proceeding was pending; (2) the defendant destroyed or removed a thing; and (3) the defendant intended to impair the availability of the thing in such proceeding.

With regard to the third element, the Commonwealth argues that they have proven the requisite intent whereby the defendant, as an attorney, intended to do some act (theft of cocaine) of which the natural and probable con-

sequence was that its availability in a proceeding would be impaired. We agree with the Commonwealth that, were this the standard, and was the cocaine's availability at trial required, they may well have been able to meet their burden, however, we conclude that section 4910(1) of the Crimes Code sets forth a specific intent crime under which the Commonwealth has not met its burden.

Although we have been unable to find a Pennsylvania case stating whether section 4910 is considered a specific intent crime,[*] the official comment to that section states that it is derived from section 241.7 of the Model Penal Code. Comment 3 to Model Penal Code §241.7 states in part as follows:

"The limiting factor in paragraph [1] is the requirement of specific intent. The statute punishes any kind of tampering with any document or thing, but only if the defendant acts 'with purpose to impair its verity or availability' in an official proceeding or investigation. *This designation of specific purpose identifies the ultimate*

---

[*] Section 4910 is the subject of little Pennsylvania case law. Two cases which do consider it are *Commonwealth v. Eckert,* 401 Pa. Super. 179, 584 A.2d 1038 (1991), and *Commonwealth v. Gettemy,* 404 Pa. Super. 504, 591 A.2d 320 (1991). In *Eckert,* the court dealt with the first element, i.e. whether the defendant believed that an official proceeding or investigation was pending at the time he fabricated evidence. The court reversed the defendant's conviction under section 4910 concluding that because the fabrication occurred after the defendant had been convicted on a murder charge and thus after the fact-finding process had been completed, that the Commonwealth had not met its burden with regard to this first element. In *Gettemy,* the court upheld the trial court's finding that the Commonwealth had failed to make out a prima facie case under section 4910(1). Without elaborating, the court stated simply that the Commonwealth failed to show that the defendant removed evidence with the intent to impair its availability.

*evil as obstruction of justice rather than destruction of property and restricts the scope of the offense to persons who consciously intend to accomplish the forbidden harm....* Section 241.7 therefore applies only when the conduct is undertaken with purpose to impair verity or availability of a record in a proceeding or investigation. A similar requirement of specific intent is found in all revised statutes with a comparable provision." See also, *McNeil v. State,* 438 So.2d 960 (Fla. App. 1983) (Florida tampering statute, adopted verbatim from section 241.7 of the Model Penal Code, requires specific intent). (emphasis added)

We conclude that the Pennsylvania statute, which is substantially identical to the Model Penal Code, must be considered by this court as a specific intent crime designed to punish those whose objective and conscious intent is the obstruction of justice rather than the destruction of property. There has been no proof that the defendant removed the cocaine for any other purpose than for her own personal use. As stated in the stipulation of facts, the defendant's subjective belief was that the availability of the cocaine would not be necessary in subsequent hearings and in fact, in the majority of cases, the cocaine was taken after a conviction or a guilty plea had been taken or very shortly before a guilty plea was about to be entered. The defendant's belief that the cocaine would not be necessary was based on her personal involvement in the case as a prosecutor, representations from defense counsel on various cases and/or the status of the given cases as discussed in staff meetings and/or orders of the court that the cocaine be destroyed. In addition, all of the stolen cocaine had been tested and was the subject of lab reports. Therefore, the cocaine itself

492

generally was not used in the court proceedings (mostly juvenile court cases) and *as was acknowledged by the Commonwealth, the cocaine's disappearance would not have impaired any proceedings* even in the unlikely event that on appeal, a new trial would have been granted in any of the cases from which the cocaine was stolen, thus making it necessary to reopen the files. The defendant testified that when she took the cocaine *she never intended to impair any proceeding or investigation,* and the Commonwealth has not suggested any motivation the defendant may have had to impair any proceeding or investigation.

We therefore conclude that the Commonwealth has not proven the third element beyond a reasonable doubt and therefore, find the defendant not guilty of the charge brought against her pursuant to section 4910(1).

Accordingly, we enter the following

### ORDER

And now, October 23, 1992, the defendant is found not guilty on the charge of tampering with or fabrication of physical evidence brought pursuant to 18 Pa.C.S. §4910.