# Commonwealth v. Graham

C.P. of Monroe County, No. 1302 CR 2012.

*Hillary A. Prutzman*, for Commonwealth.
*William A. Watkins*, for defendant.

SIBUM, *J.*, January 29, 2013—This matter comes before the court on defendant Robert Graham's (hereinafter, "defendant") omnibus pretrial motion in the nature of a petition for habeas corpus and motion for use of record from pretrial hearing in Grefe's (hereinafter, "co-defendant") case.[1] On April 23, 2012, a criminal complaint was filed charging defendant with one count of Hindering Apprehension or Prosecution — Harbors or Conceals the Other[2] and one count of Hindering Apprehension or Prosecution — Providing False Information to Law Enforcement[3]. On June 8, 2012, defendant waived his preliminary hearing. On August 27, 2012, defendant was formally arraigned.[4] On November 2, 2012, defendant

---

1. Defendant's case was joined with that of co-defendant's, Jeffrey Grefe, docketed at 1300 CR 2012. A hearing on co-defendant Grefe's omnibus pretrial motion in the form of a petition for habeas corpus was held on October 1, 2012. By order dated November 6, 2012, this court held that the record from co-defendant Grefe's case would be used, and we took the matter under advisement.
2. 18 Pa.C.S.A. §5105(a)(1)
3. 18 Pa.C.S.A. §5105(a)(5)
4. Defendant executed a waiver of arraignment form on August 8, 2012; however, the document was not filed with the clerk of courts until August 20, 2012. Despite this waiver, the record reveals that on August 13, 2012, the Honorable Arthur L. Zulick continued defendant's arraignment to August 20, 2012 due to defendant's failure to appear. By order dated August 20, 2012, this court continued defendant's arraignment from August 20, 2012 to August 27, 2012. On August 27,

filed an omnibus pretrial motion.[5] Defendant argues that he is entitled to habeas corpus relief because the Commonwealth cannot meet its prima facie burden on the charges presented in that (1) defendant cooperated with police and allowed them to search his home and (2) the wanted criminal was found in a basement apartment with a separate entrance, not under defendant's control and not accessible from where defendant's friends resided. By order dated November 6, 2012, this court allowed defendant's matter to be decided based on the record from the hearing on co-defendant's omnibus pretrial motion, which occurred on October 1, 2012. Defendant filed a brief in support of his motion on November 13, 2012. The Commonwealth filed their memorandum in opposition to defendant's omnibus pretrial motion on November 26, 2012. We are now prepared to decide this matter.

The relevant facts in this case, as presented at the omnibus hearing of co-defendant and in the affidavit of probable cause, and viewed in the light most favorable to the Commonwealth, are as follows: On April 23, 2012, Trooper Bruce Wesnak, a member of the criminal investigation unit of the Pennsylvania State Police, Fern Ridge, received information that an individual by the name of David Yeakel (hereinafter, "Yeakel") was staying at a residence located at 6820 Beech Lane, Jackson Township, Monroe County. Thereafter, Trooper Wesnak ran an NCIC check on Yeakel and found that he had several outstanding warrants out for his arrest.[6]

---

2012, the Honorable David J. Williamson formally arraigned defendant.

5. As we will later discuss, defendant's omnibus pretrial motion was not timely filed.

6. According to the affidavit of probable cause, an NCIC check revealed that Yeakel was wanted by the Pennsylvania State Police at the

As a result of the information regarding Yeakel's whereabouts, Trooper Wesnak, along with several members of the Pennsylvania State Police at Fern Ridge, responded to the 6820 Beech Lane residence. Upon his arrival, Trooper Wesnak established a perimeter and made contact with two individuals, defendant, and co-defendant Jeffrey Grefe. Defendant and co-defendant allowed police to enter the residence. Both men told police that they were in the process of moving into the home. Trooper Wesnak explained to defendant and co-defendant that he had information that Yeakel was at their residence and that he was wanted by police and asked the gentlemen if they knew Yeakel or knew of his whereabouts. Defendant stated that he did in fact know Yeakel because Yeakel was in a relationship with his sister and the two had a child together, but he did not know where Yeakel was located. Co-defendant told police that he did not know Yeakel and denied knowing Yeakel's whereabouts.[7]

Trooper Wesnak asked defendant and co-defendant if police could search the home, and both men provided their consent. Trooper Wesnak stayed with defendant and co-defendant in the kitchen area of the home while police

Swiftwater and Fern Ridge barracks and the United States Marshall's office for various offenses including Fleeing and Eluding Police, Receiving Stolen Property (a felony of the second degree relating to the possession of a stolen motorcycle), and charges related to the manufacture of methamphetamine.

7. At the omnibus hearing, Trooper Wesnak initially testified that it was co-defendant who stated that his sister was in a relationship with Yeakel and that the two had a child together. However, during defense counsel's cross-examination of Trooper Wesnak, he admitted that he had confused co-defendant with defendant. Trooper Wesnak then clarified that it was defendant who knew Yeakel and that co-defendant told police he did not know Yeakel. Further, during the omnibus hearing, Trooper Wesnak was unable to identify co-defendant, who was present at the hearing and seated at a table with his defense counsel.

conducted their search. At this time, Trooper Wesnak again asked the men if they had any knowledge of Yeakel's whereabouts, but neither of them provided any additional information. When police reached the lower level of the residence, they encountered a portion of the home that was boarded up and could not be accessed. Trooper Wesnak asked defendant and co-defendant about the boarded up area and both men stated that the landlord kept a dog there and would come by every couple of days to feed the dog. Further, both men stated that they did not have access to this area. Both defendant and co-defendant attempted to locate the landlord's contact information.

Police continued to search the residence and entered the home's attached garage. Police located a door connecting the garage to the rest of the home; additionally, a separate door inside the home led to the basement area that defendant and co-defendant previously told police was used by the landlord for his dog and as storage. Both defendant and co-defendant told police that they did not have a key to access the basement area, so police forcibly opened the door. Behind this door/and or boarded area, police found a fully furnished apartment that appeared to be occupied. After further inspection, Yeakel was located in a back bedroom lying in bed with his infant child. Yeakel, defendant, and co-defendant were all taken into custody and processed at the Pennsylvania State Police Headquarters at Fern Ridge. Defendant's only statement at police headquarters was that he did not know that Yeakel was living in the downstairs part of the home.

## DISCUSSION

Defendant petitions the court for habeas corpus relief

and argues that the Commonwealth has failed to meets its prima facie burden on the two above-cited counts of Hindering Apprehension of Prosecution. More specifically, defendant asserts that (1) the Commonwealth presented no evidence that defendant "harbored or concealed" anyone and (2) no prima facie case can be made that defendant provided false information to a law enforcement officer. For the reasons set forth below, we agree with defendant.

Before we discuss the substantive portion of defendant's habeas petition, we must address the untimeliness of defendant's omnibus pretrial motion. Pa.R.Crim.P.Rule 579, entitled: Time for Omnibus Pretrial Motion and Service provides, in relevant part, the following:

> (A) Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P.Rule 579(a). In the instant case, defendant was formally arraigned on August 27, 2012. Defense counsel filed an omnibus pretrial motion on November 2, 2012, well after the thirty (30) day time period proscribed in the above-cited rule. The record does not reveal any reasons why defendant could not comply with the time period for filing an omnibus pretrial motion, nor was there any motion by defendant seeking to lengthen the omnibus filing period. The Commonwealth failed to argue that defendant's omnibus pretrial motion was untimely, as

such, we will address defendant's motion for the purpose of judicial economy.

When a criminal defendant seeks to challenge the sufficiency of evidence presented against him, he may do so by filing a writ of habeas corpus with the court of common pleas. *Commonwealth v. Carmody*, 799 A.2d 143, 146 (Pa. Super. 2002). In such instances, the habeas court acts in the capacity of a reviewing court to assess whether sufficient evidence exists to require the defendant to be brought to trial. *Id.* at 146-47.

"At the pre-trial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt." *Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003). Rather, the Commonwealth establishes a prima facie case when it produces evidence of "each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense." *Id.* A prima facie case can be established by evidence that, if accepted as true, would warrant the trial judge to allow the case to go to the jury. *Commonwealth v. Martin*, 727 A.2d 1136, 1142 (Pa. Super. 1999), *allocator denied*, 745 A.2d 1220 (1999). In deciding if a prima facie case has been made, any inferences reasonably drawn from the evidence in the record that would support a guilty verdict are to be given effect and "the evidence must be read in the light most favorable to the Commonwealth's case." *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001). The weight and credibility of the evidence are not factors at this pre-trial stage. *Commonwealth v. Wojdak*, 466 A.2d 991, 997 (Pa. 1983).

Defendant has been charged with two counts of Hindering Apprehension and Prosecution pursuant to 18 Pa.C.S. §5105(a)(1) and (5). These sections provide as follows:

(a) Offense defined. — A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition, he:

(1) harbors or conceals the other;

...

(5) provides false information to a law enforcement officer.

18 Pa.C.S. §5105(a)(1),(5). The Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence; however, this evidence must be more than mere conjecture or surmise. *Commonwealth v. Manson*, 327 A.2d 182 (Pa. Super. 1974).

In the instant case, defendant is first being charged with hindering apprehension and prosecution because he allegedly harbored or concealed a wanted felon, Yeakel. Admittedly, defendant told police that he knew Yeakel because his sister was in a relationship with Yeakel and the two had a child together. Defendant and co-defendant stated that there was a boarded up area in the basement of the Beech Lane residence and that they believed the landlord used the area for storage purposes. Defendant and co-defendant further informed police that they did not

have access to the basement area, but they did attempt to locate the landlord's contact information. Police gained access to the boarded up area and found Yeakel located in a bedroom with his young son.

Based on these facts, we do not find that the Commonwealth has met its prima facie burden that defendant intentionally hindered the prosecution of Yeakel by harboring or concealing him in the basement of his rented residence. Pursuant to 18 Pa.C.S.A. §302, "a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense." 18 Pa.C.S.A. §302(a). The parties in the instant matter agreed that defendant's motion would be decided based on the record in the case of co-defendant, *Commonwealth v. Jeffrey Scott Grefe*, docketed at 1300 Criminal 2012.

By opinion and order dated October 31, 2012, we held that the Commonwealth had failed to establish a prima facie case against co-defendant for the Hindering Apprehension and Prosecution charges. After a review of the record, there is nothing that indicates that defendant in the instant matter had any greater knowledge of Yeakel's whereabouts. Defendant did not own the Beech Lane residence, rather, he reported that he had just recently moved into the home and was renting from a landlord. Further, defendant stated he did not have keys to access the boarded up basement area of the home. As we stated in our previous opinion, while the Commonwealth emphasizes the set up of the house, garage, and access points, they have failed to provide any material evidence that defendant had access to the basement apartment and

that he knew Yeakel was residing in the apartment.

The Commonwealth argues that the evidence establishes that defendant knew Yeakel was living in the basement and hindered his apprehension because defendant admitted that he knew Yeakel and because his sister had a child with Yeakel. While the Commonwealth may sustain its burden by means of wholly circumstantial evidence, we are not persuaded by this argument. The Commonwealth's assumption that defendant was hindering Yeakel's apprehension because he knew Yeakel is based on mere conjecture. There was no detailed evidence regarding the nature of defendant's relationship with Yeakel; the record only establishes that the two men knew each other. Without more, we cannot find that the Commonwealth has established a prima facie case.

Next, the defendant is being charged with a second count of Hindering Apprehension or Prosecution because he allegedly provided false information to Trooper Wesnak with the intent to hinder the apprehension and prosecution of Yeakel. As we previously stated, defendant informed Trooper Wesnak that he did know Yeakel but that he was unaware of his location. The Commonwealth asserts that defendant lied regarding Yeakel's whereabouts.

Based on the above-cited facts, we do not find that the Commonwealth has met its prima facie burden that defendant provided false information to the police in an attempt to hinder the apprehension or prosecution of Yeakel. Again, we are deciding defendant's case based on the record set forth in the case of co-defendant. After a review of the record and the testimony, there was no additional evidence presented that indicates that defendant

in the instant matter had any more knowledge than his co-defendant, nor does the record reveal that defendant was more likely to provide false information to law enforcement. Defendant was forthcoming with police about his relationship with Yeakel and the Commonwealth has failed to provide any evidence that defendant was lying about Yeakel's whereabouts.

Defendant effectively argues that even if defendant provided false information to police, this fact would not be enough to sustain the Commonwealth's burden. According to the Pennsylvania Superior Court, [e]ven if defendant had the requisite intent, providing false answers in response to questions *initiated by law enforcement officers* does not amount to the crime of hindering apprehension or prosecution (emphasis added), *Commonwealth v. Neckerauer*, 617 A.2d 1281 (Pa. Super. 1992); *Commonwealth v. Gettemy*, 591 A.2d 320 (Pa. Super. 1991), *allocatur denied*, 602 A.2d 856 (Pa. 1991). We also find that Defendant's apparent cooperation with police negates any intent to harbor Yeakel or provide false information regarding his whereabouts. Defendant, along with co-defendant, provided consent to search the home and offered to locate the landlord's contact information. As such, the Commonwealth has failed to meet its prima facie burden on both counts of the Hindering Apprehension or Prosecution charges.

Accordingly, we enter the following order.

## ORDER

And now, January 29, 2013, after hearing and upon consideration of defendant's omnibus pre-trial motion in the nature of a motion for habeas corpus relief, the motion is granted.