J-S87041-16

2017 PA Super 103

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DELROY R. TOOMER | |
| Appellant | No. 490 MDA 2016 |

Appeal from the Judgment of Sentence March 1, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001686-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

OPINION BY LAZARUS, J.:                    **FILED APRIL 17, 2017**

Delroy R. Toomer appeals from the judgment of sentence, imposed in the Court of Common Pleas of Luzerne County, after a jury convicted him of carrying a firearm without a license[1] and tampering with physical evidence.[2] Upon careful review, we affirm.

On April 1, 2015, Toomer was driving his Infiniti in Wilkes-Barre. Toomer's friend, Jason Rowe, was a passenger in a Nissan Altima driving just in front of Toomer's vehicle.  At some point, Toomer's wife, Angelic, realized she had left one of her firearms, for which she was licensed, in the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6101(a)(1).

[2] 18 Pa.C.S.A. § 4910(1).

Altima. Toomer called Rowe and asked him to pull over so they could retrieve Angelic's gun. Toomer went to obtain the gun and, during the exchange between Rowe and Toomer, the gun discharged, hitting Rowe in his right side.[3] Toomer grabbed the gun, returned to his vehicle, and instructed Angelic to drive Rowe to the hospital in Rowe's vehicle. Toomer testified that he did not drive Rowe to the hospital himself because he "didn't want to drive. I ain't got a license, and to speed off to get [Rowe] to the hospital. I [didn't] want to drive and get pulled over." N.T. Trial, 1/11/16, at 107.

After Angelic drove off toward the hospital, Toomer realized that she had left her purse, containing her firearms,[4] in his car. Toomer, who was not licensed to carry a firearm, decided to take the guns to his apartment. Upon arrival there, Toomer placed Angelic's purse on the counter and left. Angelic subsequently called him indicating she needed her wallet, so Toomer returned home and removed the guns from her purse, placed them on the counter, and took the purse to Angelic at the hospital.

Police were notified that a shooting victim had been taken to Wilkes-Barre General Hospital and were dispatched to that location. Wilkes-Barre Police Detective Charles Jensen interviewed Angelic Toomer, who gave him

---

[3] Rowe ultimately died from his injuries. Toomer was not charged in conjunction with his death.

[4] Angelic testified that she had been carrying a second firearm in her purse.

permission to search the couple's apartment. Detective Jensen and his partner searched the residence and found the firearms; one was located on the kitchen counter and the other was found on top of the refrigerator.

Detective Jensen interviewed Toomer at police headquarters. At first, Toomer told him that Angelic had been retrieving the firearm from Rowe when it discharged. However, Detective Jensen testified that when he "confronted him that [his story] wasn't adding up and it wasn't consistent with the other information we were receiving, he gave us what we believed to be the truth and what the evidence corroborated." N.T. Trial, 1/11/16, at 61. Toomer was subsequently charged with the above offenses.

After the trial court denied an oral motion to dismiss the firearms charge as a *de minimis* violation under 18 Pa.C.S.A. § 312, a jury found Toomer guilty of both charges. On March 1, 2016, the trial court sentenced Toomer to a term of 15 to 30 months' imprisonment on the firearms conviction, with a concurrent 12 months of probation for tampering. This timely appeal follows, in which Toomer presents the following issues for our review:

> 1. Whether the trial court erred in not granting counsel's [m]otion to [d]ismiss [c]arrying a [f]irearm without a [l]icense as a [d]e [m]inim[i]s infraction?
>
> 2. Whether the Commonwealth failed to present evidence sufficient to prove beyond a reasonable doubt that [Toomer] was guilty of one count of [t]ampering with [e]vidence pursuant to 18 Pa.C.S.A. § [4910(1)]?

Brief of Appellant, at 1.

Toomer first asserts that the trial court erred in denying his motion to dismiss the charge of carrying a firearm without a license as *de minimis* pursuant to section 312. We review a trial court's refusal to dismiss an infraction as *de minimis* for an abuse of discretion. **Commonwealth v. Lutes**, 793 A.2d 949, 963 (Pa. Super. 2002), citing **Commonwealth v. Przybyla**, 722 A.2d 183 (Pa. Super. 1998). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." **Commonwealth v. Hess**, 745 A.2d 29, 31 (Pa. Super. 2000).

Section 312 of the Crimes Code provides, in relevant part:

§ 312. *De minimis* infractions

(a) General rule.--The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a). An offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs. *Id.*, citing **Commonwealth v. Moses**, 504 A.2d 330 (Pa. Super. 1986).

Here, Toomer argues that his failure to obtain a license to carry the firearm "was not inconsistent with the purpose of [section] 6106(a)(1); did not threaten the harm sought to be prevented by the law defining the offense; and cannot reasonably have been regarded as envisaged by the General Assembly." Brief of Appellant, at 6.

The trial court found that:

> [g]iven the testimony of record, we find the nature and purpose of [Toomer's] conduct, and the attendant circumstances surrounding his possession of the firearms in the vehicle, troubling. . . . Removing and/or concealing evidence subject to a shooting investigation is, in our judgment, injurious to society and a violation of statute.

Trial Court Opinion, 2/23/17, at 11.

In order to determine whether the trial court committed an abuse of discretion in refusing to dismiss the firearms charge as *de minimis*, we must look to "the harm or evil sought to be prevented by the law defining the offense."[5] 18 Pa.C.S.A. § 312(a)(2). Here, Toomer was convicted of firearms not to be carried without a license, which is defined by section 6106 of the Uniform Firearms Act as follows: "any person who carries a firearm in

_____

[5] We note that, in his brief, Toomer makes no attempt to identify the purpose of section 6106 or the harm intended to be prevented by the legislature in its enactment.

any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree."  18 Pa.C.S.A. § 6106(a)(1).

This Court has previously observed that "[t]he apparent purpose of the [Uniform Firearms] Act is to regulate the possession and distribution of firearms, which are highly dangerous and are frequently used in the commission of crimes," **Commonwealth v. Corradino**, 588 A.2d 936, 940 (Pa. Super. 1991), and to "prohibit certain persons from possessing a firearm within this Commonwealth." **Commonwealth v. Baxter**, 956 A.2d 465, 471 (Pa. Super. 2008).

Based upon the foregoing, it is apparent that the mere possession of a firearm by someone not licensed by the Commonwealth is, in and of itself, the "evil" sought to be remedied by the General Assembly in enacting the statute in question.  As such, the fact that no additional harm or injury[6] resulted from Toomer's violation of the statute is of no moment, and the trial court did not abuse its discretion in refusing to dismiss the charge as *de minimis*.

---

[6] Although Rowe was fatally injured during the course of events forming the basis for the charges in this matter, the Commonwealth stipulated that Rowe's injury was not relevant to a determination of Toomer's guilt on the firearms charge.

Finally, Toomer asserts that the Commonwealth presented insufficient evidence to convict him of tampering with evidence.

> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.* (quoting *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005)[.] However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id.* Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id.* Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

*Commonwealth v. Yasipour*, 957 A.2d 734, 745 (Pa. Super. 2008).

Tampering with physical evidence is defined at section 4910 of the Crimes Code, in relevant part, as follows:

> A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:
>
> > (1) alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation[.]

18 Pa.C.S.A. § 4910(1). To establish the offense of tampering with evidence, the Commonwealth must prove three interrelated elements: (1) the defendant knew that an official proceeding or investigation was pending

- 7 -

(or about to be instituted); (2) the defendant altered, destroyed, concealed, or removed an item; and (3) the defendant did so with the intent to impair the verity or availability of the item to the proceeding or investigation. *Commonwealth v. Jones*, 904 A.2d 24, 26 (Pa. Super. 2006).

Toomer claims that the Commonwealth failed to prove that he was aware an official investigation was underway when he returned the gun to his home, or that he did so with the intention to impair an investigation. In support of his claim, Toomer cites several cases, all of which are distinguishable.

Toomer first cites *Commonwealth v. Delgado*, 679 A.2d 223 (Pa. 1996), in which the defendant fled from police, who were about to arrest him following a hand-to-hand drug purchase. As he ran, he threw away a bag containing what was later determined to be cocaine. As a result of his attempt to dispose of the drugs, he was charged with and convicted of tampering with evidence. On allowance of appeal, the Supreme Court reversed, concluding that the act of discarding contraband in plain view of a pursuing officer did not rise to a level of conduct that constitutes the destruction or concealment of evidence as contemplated by the statute, and was nothing more than abandonment of evidence. *Delgado* is clearly distinguishable from the instant matter, as Toomer did not discard the guns in plain view of law enforcement.

Toomer also relies on *Commonwealth v. Gettemy*, 591 A.2d 320 (Pa. Super. 1991). There, police were investigating the disappearance of a

woman and a motorhome she owned with her husband. Gettemy had been interviewed by police in connection with their investigation and denied any knowledge as to the disappearance of either the woman or the vehicle. Police subsequently interviewed two witnesses who had seen Gettemy in the motorhome and, as a result, charged her with, *inter alia*, tampering with evidence. The trial court granted Gettemy's motion to quash the indictment, finding that the Commonwealth failed to present a prima facie case. This Court affirmed, finding that the record established only that certain witnesses reported that Gettemy was present in Virginia and Florida when the motorhome was seen in those states, not that she removed the motorhome with the intent to impair its availability. Here, however, it is undisputed that Toomer removed the weapons to his apartment.

As to the element of intent, Toomer argues that he neither was aware of a police investigation, nor intended to impair it by concealing evidence. However, based upon the totality of the circumstances, a jury could have reasonably inferred that Toomer knew the police would immediately begin investigating Rowe's shooting once he appeared at the hospital with a gunshot wound. The jury could also have reasonably inferred that, knowing a police investigation would ensue, Toomer decided to dispose of the weapons in an attempt to conceal his involvement in Rowe's shooting. Such an inference is particularly reasonable in light of Detective Jensen's testimony that Toomer initially lied and told him that Angelic had been in possession of the firearm when it discharged.

When viewed in the light most favorable to the Commonwealth as verdict winner, **Yasipour**, **supra**, the evidence presented at trial was sufficient to establish that Toomer believed an investigation was about to be instituted and concealed evidence with the intent to impair its availability. **See** 18 Pa.C.S.A. § 4910(1). Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017