J-S55004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MONTEZ DELMAR DIXON | : | |
| | : | |
| Appellant | : | No. 1029 WDA 2018 |

Appeal from the Judgment of Sentence Entered February 15, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001829-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:               **FILED OCTOBER 25, 2019**

Montez Delmar Dixon (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of persons not to possess, use, manufacture, control, sell or transfer firearms; firearms not to be carried without a license; tampering with or fabricating physical evidence; and defiant criminal trespass.[1]  Upon review, we affirm.

The trial court recounted the evidence presented at trial as follows:

> On December 28, 2016, at approximately 2:00 p.m., Detective Andrew Robinson of the City of Pittsburgh Police Department was on patrol in the Beltzhoover area of Pittsburgh, a known high crime area.  Detective Robinson was driving down Sylvania Way when he noticed Appellant, wearing black jeans, a black hoodie sweatshirt, and a black tassel cap.  As Detective Robinson drove closer, Appellant observed the unmarked police

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 4910(1), and 3503(b)(1)(iii).

vehicle, quickly grabbed his right waist area with both hands securing what the officer believed to be a concealed firearm. Appellant fled while grasping his waistband area with both hands. Appellant ran toward the rear of 428 Orchard Place. Approximately three to five seconds later, Appellant emerged from the rear of 428 Orchard Place, "pumping both of his arms as he was running" and no longer grabbing his waistband area. Appellant was able to flee the area without being apprehended.

Detective Robinson, based on his training and experience, believed that Appellant had discarded a firearm in the rear of 428 Orchard Way. The detective checked the area where Appellant emerged seconds before and discovered a loaded 9mm Glock 26 firearm. The firearm was recovered in plain view from a tarped area on the ground at the opening of the garage at 428 Orchard Way. Although Appellant successfully fled the area, Detective Robinson knew Appellant from several previous encounters. Appellant was not permitted to possess a license to carry a concealed weapon.

Detective Robinson contacted probation and parole and requested Appellant's current address. After receiving the information Detective Robinson applied for an arrest warrant for Appellant, and he was subsequently apprehended and arrested at the address provided by probation and parole. The firearm was submitted to the Allegheny County Crime Lab and determined to be operable; no latent fingerprints of value were recovered. Additionally, the firearm was logged for DNA testing, but no test was performed.

Mr. John Yochum, the owner of 428 Orchard Place at the time of the incident, indicated his property had a chain link fence and gate which was closed but not locked. Mr. Yochum further indicated that there was a two car garage approximately fifteen feet by twelve feet in size at the back of the property which could only be accessed by the main door. On the date in question part of the garage door was missing which he had covered with a tarp. Mr. Yochum verified that the firearm recovered was not his property, he had been in the garage the day before the incident, and did not observe any firearm on his property.

Trial Court Opinion, 1/14/19, at 4-6 (citations to notes of testimony omitted).

Based on this evidence, the trial court convicted Appellant of the aforementioned crimes. Prior to sentencing, Appellant's trial counsel filed a motion to withdraw from representation. On January 22, 2018, the trial court granted trial counsel's motion and appointed current counsel, Kelvin L. Morris, Esquire, to represent Appellant.

On February 15, 2018, the trial court sentenced Appellant to an aggregate 3 to 6 years of incarceration. Appellant filed a timely post-sentence motion, and subsequently, an amended post-sentence motion. The trial court denied Appellant's post-sentence motions on June 21, 2018. Appellant filed a timely notice of appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant challenges whether "the Commonwealth presented sufficient evidence that Appellant, beyond a reasonable doubt, constructively possessed the firearm related to the crimes charged." Appellant's Brief at 2.[2] Our standard of review is well-settled:

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each

---

[2] Appellant's Rule 1925(b) statement raises additional weight of the evidence claims not presented in his appellate brief. **See** Rule 1925(b) Statement, 9/21/18, at *2. Appellant does not raise these claims in his brief and thus we do not address them. **See** Appellant's Brief at 2; **see also Commonwealth v. Briggs**, 12 A.3d 291, 310 n.19 (Pa. 2011), *cert. denied*, 132 S. Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

- 3 -

material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the factfinder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa. Super. 2019) (citation omitted). We emphasize that the trial court — as the trier of fact — is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 40 (Pa. Super. 2014) (citation omitted). In conducting review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.* at 39-40.

On appeal, Appellant challenges the sufficiency of the Commonwealth's evidence regarding his two firearms convictions, asserting that the evidence did not support "constructive possession beyond a reasonable doubt . . . over the firearm found at 428 Orchard Place, specifically, that Appellant had both the power to control the firearm and the intent to exercise that control." Appellant's Brief at 8. Appellant argues that there was insufficient evidence

- 4 -

"for a judge to find him guilty . . . of person not to possess a firearm, carrying a firearm without a license, and tampering with or fabricating physical evidence," and asserts that "the firearm was found on the property of a third-party, a location that was accessible to anyone who passed the rear of 428 Orchard Place, and therefore, would not lead to the inference that Appellant was the only one that could have placed it there or knew of its presence." *Id.* at 8, 14.

With regard to persons not to possess a firearm, Section 6105 of the Uniform Firearms Act (UFA) provides:

> **(a) Offense defined.**--
>
> (1) A person who had been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) **shall not possess**, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture **a firearm in this Commonwealth**.

18 Pa.C.S.A. § 6105(a)(1) (emphasis added).

With regard to carrying a firearm without a license, Section 6106 states:

> Except as provided in paragraph (2), any person who carries a firearm in any vehicle or **any person who carries a firearm concealed on or about his person**, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1) (emphasis added).

In addressing Appellant's arguments as to both firearms convictions, the trial court explained:

- 5 -

Contrary to Appellant's assertion, the evidence showed that Appellant both possessed and concealed the firearm in question and did not possess a license to carry said firearm. As such, the evidence was sufficient to convict Appellant of possession of firearm prohibited and firearms not to be carried without a license. To wit, the evidence established that: (1) Detective Robinson observed Appellant near Sylvania Way while on patrol in the [Beltzhoover] area of Pittsburgh; (2) upon noticing the unmarked police vehicle, Appellant grabbed his waist area with both hands in an obvious attempt to conceal the firearm; (3) Appellant, while still grasping his waistband, immediately fled the immediate area running toward the property owned by Mr. Yochum; (4) three to five seconds later Detective Robinson observed Appellant emerge running from the rear of the property; (5) Appellant's hands were no longer grasping his waist area, but rather his arms were "pumping" as he fled the scene; (6) Detective Robinson recovered the loaded firearm from the area Appellant had just emerged from seconds earlier; (7) the firearm was considered a valuable commodity among individuals involved in criminal activity and not likely to be abandoned in such a manner; (8) Detective Robinson was able to identify Appellant from previous encounters; and (9) the recovered loaded firearm was not the property of Mr. Yochum.

Detective Robinson, with seven and a half years' experience in law enforcement, indicated based on his training and that experience as a City of Pittsburgh Police Officer, that Appellant's specific actions of grabbing his waist area with both hands upon noticing the unmarked police vehicle was entirely consistent with securing a firearm so that he could flee while retaining its possession. This was of course corroborated by Appellant's subsequent conduct after discarding the weapon when he emerged from the garage area "running with both arms pumping." *See Commonwealth v. Hewlett*, 189 A.3d 1004, 1010 (Pa. Super. 2018) (holding evidence was sufficient to convict defendant of possession of a firearm and carrying a firearm without a license where police witnessed defendant flee a vehicle involved in a high-speed chase clutching his waistband and observed defendant crouching behind parked vehicles where they later recovered a firearm).

Trial Court Opinion, 1/14/19, at 8-9 (citations to notes of testimony omitted).

We agree. Our review reveals that Appellant did not testify nor did he

present any witnesses in his defense. The Commonwealth presented two witnesses: Detective Robinson and Mr. Yochum. The evidence presented by the Commonwealth was that Detective Robinson saw Appellant grab his waist with both hands while running toward Orchard Place. N.T., 10/23/17, at 12. Detective Robinson opined that Appellant appeared to be grabbing a firearm. *Id.* at 13-14. Detective Robinson testified that a few seconds later, Appellant reappeared, running with both of his arms "pumping," and no longer reaching toward his waist. *Id.* at 15.

Because Detective Robinson recognized Appellant and believed he had discarded a firearm, Detective Robinson proceeded to the yard behind 428 Orchard Place, where he recovered a Glock model 26 firearm protruding from under a tarp. N.T., 10/23/17, at 16-18. Mr. Yochum, the owner of 428 Orchard Place, testified that the gun did not belong to him, and he had never seen it before. *Id.* at 35-36. Further, Appellant stipulated that he was not permitted to carry a firearm. *Id.* at 22.

It is well-settled that the Commonwealth may sustain its burden of proof "by means of wholly circumstantial evidence." *Sebolka*, 205 A.3d 336. Thus, the record supports the trial court's conclusion that the "only reasonable inference that flows from this instance is that [Appellant] was in possession of a firearm[, fled] from the police[, and discarded] it in the face of police presence." N.T., 11/15/17, at 4.

Appellant also challenges the sufficiency of the evidence pertaining to

his tampering with physical evidence conviction relative to his actions in discarding the firearm. Section 4910(1) reads:

> A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he . . . alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation[.]

18 Pa.C.S.A. § 4910(1).

The trial court succinctly but accurately rejected this claim, stating:

> The [t]rial [c]ourt carefully reviewed all the evidence and determined that the Commonwealth established beyond a reasonable doubt that Appellant fled the area upon observing the police and concealed said firearm in his waistband, later discarding it by the garage in an attempt to impair its recovery by the officers. As such, the evidence was clearly sufficient to support Appellant's conviction for tamper with/fabricate physical evidence. *See Commonwealth v. Toomer*, 159 A.3d 956, 962 (Pa. Super. 2017) (holding that the evidence was sufficient to convict defendant of tampering with evidence where defendant concealed the firearm with the intent to impair its availability).

Trial Court Opinion, 1/14/19, at 10.

Again, our review of the record and pertinent legal authority supports the trial court's conclusions where the evidence, viewed in the light most favorable to the Commonwealth, was that Appellant tampered with evidence by discarding the firearm while running from Officer Robinson. *See Sebolka*, 205 A.3d at 336.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2019