J-S12039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHYDEERA JOHNSON | : | |
| | : | |
| Appellant | : | No. 1711 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 17, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002884-2022

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 6, 2025**

Appellant, Shydeera Johnson, appeals from the judgment of sentence imposed following her convictions for retail theft, conspiracy, and receiving stolen property.[1]  After careful review, we affirm the judgment of sentence.

The trial court recounted the pertinent facts in this appeal as follows:

> At approximately 9:25 p.m. on February 15, 2022, an orange Chevy registered to and owned by Appellant pulled into and parked in a parking lot at the Target store in the Metroplex on Chemical Road in Plymouth Meeting, Montgomery County.  At around 9:28 p.m., Appellant exited the Chevy and entered the store, followed by a male who had arrived in the same car approximately one (1) minute later.
>
> At approximately 9:40 p.m., Target Security Specialist Alex Austin was walking through the electronics section of the Metroplex Target store when he noticed a male checking the electronics cases to see if they were locked, pulling on security devices, and loading up a cart with expensive items. …

_____

[1] 18 Pa.C.S. §§ 3929(a)(1), 903, and 3925(a), respectively.

Because the store was closed at 10:00 p.m., and the male and Appellant were still inside the store refusing to leave, another employee called the police to report a disturbance. Surveillance video shows Appellant passing by all open registers with several items in her cart, none of which were bagged, and without paying for any of those items. Although Appellant can be seen holding a piece of paper in her hand, there is no indication that the paper is a receipt for the items in her cart from that night. When the pair did leave, neither had paid for any merchandise.

Plymouth Township police officers arrived at the Metroplex Target store in response to the report of a disturbance at approximately 10:00 p.m. At approximately 10:06 p.m., Patrol Officer, now Detective, Mark Ransom came into contact with a woman leaving the store with a cart full of items who identified herself as Shayan Coleman and provided a date of birth of January 26, 1994. The woman could not provide a receipt for the items in her cart. Detective Ransom ran the given name in the patrol car's computer system databases, and the report came back that no such person existed. Detective Ransom also ran the license plate of the orange Chevy that both Appellant and the male she was following got into, and retrieved information including the vehicle registration, Appellant's name, date of birth, and a photograph. Detective Ransom zoomed in on the driver's license photograph and realized that the woman in the photograph was the female that he had just been speaking with. Her date of birth is listed on her license as January 25, 1994. Upon further investigation, Detective Ransom filed a criminal complaint on March 22, 2022, and arrested Appellant on April 7, 2022, on the charges listed above. On February 24, 2023, the Commonwealth filed the information charging both retail theft and conspiracy as a felony of the third degree. Subsequently, Assistant Public Defender Nicholas Beeson filed an omnibus pre-trial motion on April 24, 2023, in which Appellant requested that the court suppress evidence of her prior convictions.[2]

_____

[2] Although all parties reference the filing of an omnibus pre-trial motion, and there is a docket entry indicating that such a motion was filed, the docket includes no scheduling notice for a hearing on the motion, transcripts do not appear to exist, and no order either granting or denying such a motion appears on the docket.

Trial Court Opinion (TCO), 12/10/24, at 2-4 (internal citations and unnecessary capitalization omitted).

On August 9, 2023, Appellant filed a motion for a writ of *habeas corpus*. The trial court conducted a hearing, ultimately denying the motion. Order, 9/5/23. Appellant's case then proceeded to a jury trial, after which Appellant was convicted as noted above. On January 17, 2024, the trial court sentenced Appellant to one year of probation on the retail theft conviction and imposed no further penalty on the remaining convictions.

Counsel for Appellant filed a timely post-sentence motion challenging the weight of the evidence on January 24, 2024. This motion was denied on April 2, 2024. Order, 4/2/24. Thereafter, Appellant suggested that she wished to pursue claims of ineffective assistance against her trial attorney, and appellate counsel (a member of the same office as trial counsel) filed a motion to withdraw. After a hearing, the court granted appellate counsel's request and appointed new counsel for Appellant. Order, 4/23/24.

New counsel then filed, on April 30, 2024, a motion entitled "Supplemental Post-Sentence Motion *Nunc Pro Tunc* for Preservation of Issues in Unitary Review," explaining that she was attempting to preserve Appellant's right to challenge the effectiveness of trial counsel outside of the strictures of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. In this supplemental motion, Appellant argued that since her prior convictions for retail theft in Philadelphia County had been expunged, the grading of her retail-theft conviction was incorrect. She also asserted that trial counsel was

- 3 -

ineffective for failing to argue that her prior convictions had been expunged. While Appellant did not possess the physical orders that expunged her convictions, she did provide the court with copies of a letter she received from a group called "Philadelphia Lawyers for Social Equity," which allegedly accompanied those expungement orders.

After receiving Appellant's supplemental post-sentence motion, the trial court vacated the April 2, 2024 order denying Appellant's post-sentence motion. Order, 5/2/24. The trial court also scheduled a hearing on the supplemental motion.

At this hearing, the trial court heard testimony about the expungements of Appellant's prior retail-theft convictions and arguments about Appellant's claims of counsel's ineffectiveness. Appellant testified that she believed her convictions had been wholly expunged. N.T. Hearing, 5/10/24, at 16-17. Appellant claimed that had she known they were not, she would have accepted the Commonwealth's plea offer. *Id.* at 23. To counter this claim, the prosecutor informed the court that each of the expungements in Appellant's record was only a partial expungement; in the two Philadelphia County retail-theft cases, Appellant had been convicted of retail theft, but a charge of conspiracy to commit retail theft had been *nolle prossed*. *Id.* at 11. The prosecutor argued that only the *nolle prossed* conspiracy charges were expunged from Appellant's record. *Id.*

Notably absent from this hearing was Appellant's trial attorney, David Showers, Esq., who apparently no longer worked for the public defender's

office. Also, during this hearing, Appellant was colloquied about her decision to waive PCRA review in order to raise claims of ineffective assistance in her direct appeal. *Id.* at 17-22.

The trial court denied Appellant's supplemental post-sentence motion via an order dated May 16, 2024. Appellant then filed a timely notice of appeal on June 12, 2024. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Preliminarily, we note that the procedure utilized above to effectuate unitary review of Appellant's ineffective assistance of counsel claim appears to be proper. A defendant has ten days after sentencing to file a timely post-sentence motion. Pa.R.Crim.P. 720(A)(1). Once a timely post-sentence motion has been filed, the trial court has 120 days, with the possible addition of another 30 days upon request, to decide the motion. Pa.R.Crim.P. 720(B)(3). Further, any court retains the ability to modify or rescind any final order for 30 days after it has been entered on the record, if no appeal has been taken from that order. 42 Pa.C.S. § 5505.

Thus, when Appellant filed her post-sentence motion on January 24, 2024, the trial court was tasked with deciding the motion within 120 days, or by May 16, 2024. Pa.R.Crim.P. 720(B)(3)(a). Further, although the trial court initially denied the post-sentence motion on April 2, 2024, Appellant filed the supplemental post-sentence motion *nunc pro tunc* on April 30, 2024. Pa.R.Crim.P. 720(B)(1)(b) ("The defendant may file a supplemental post-sentence motion in the judge's discretion as long as the decision on the

supplemental motion can be made in compliance with the time limits of [the Rule].").  As Appellant had not yet filed an appeal from her judgment of sentence, the trial court retained the authority to vacate the April 2nd order, which it did on May 2, 2024.  42 Pa.C.S. § 5505.  Then, on the 120th day after the initial filing of the post-sentence motion, the trial court denied the supplemental post-sentence motion.  Order, 5/16/24.  The post-sentence motion was thus properly, and timely, addressed by the trial court. Appellant's notice of appeal, filed within 30 days of the denial of the supplemental motion, was also timely.  Pa.R.Crim.P. 720(a)(2)(a) (stating that when a defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion).  We now consider the merits of Appellant's claims.

In her brief to this Court, Appellant lists the following issues for our consideration:

I.      Whether the trial court erred in failing to grant the post-sentence [m]otions as to the sufficiency of the evidence used to convict Appellant when no proof was provided at trial that Appellant had stolen merchandise valued at the requisite [f]elony grading, and the loss prevention officer['s] conclusion that items were stolen was based solely upon his observation via closed circuit cameras that showed Appellant['s] displaying a piece of paper that could have been a receipt?

II.     Whether there is a constitutionally deficient waiver of Appellant['s] right to raise ineffectiveness claims under the [PCRA], and Appellant should be entitled to raise these claims after consideration of this direct appeal?

III.    Whether trial counsel was ineffective by failing to properly investigate Appellant's alleged prior [r]etail[-t]heft convictions

- 6 -

and advise Appellant on the consequences of any such convictions?

Appellant's Brief at 6.

Appellant first challenges the sufficiency of the evidence to sustain her retail-theft conviction. Because a determination of the sufficiency of the evidence presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Williams**, 176 A.3d 298, 305 (Pa. Super. 2017). Further, we analyze this issue under the following guidelines:

> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

**Commonwealth v. Toomer**, 159 A.3d 956, 960–61 (Pa. Super. 2017) (internal citations and quotation marks omitted).

Retail theft is defined in the Pennsylvania Crimes Code as follows:

> **(a) Offense defined.--**A person is guilty of a retail theft if he:
>
> > (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

- 7 -

18 Pa.C.S. § 3929(a)(1).  Moreover, a retail-theft offense is graded based on the following dictates:

> **(b) Grading.--**
>
> (1) Retail theft constitutes a:
>
>> (i) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.
>>
>> (ii) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.
>>
>> (iii) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.
>>
>> (iv) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.
>>
>> (v) Felony of the third degree when the amount involved exceeds $1,000 or if the merchandise involved is a firearm or a motor vehicle.

18 Pa.C.S. § 3929(b).

In this case, Appellant argued, in her Rule 1925(b) statement, that the evidence was insufficient to prove retail theft because "no proof was provided at … trial that [Appellant] had stolen merchandise."  Concise Statement, 7/1/24, at 1.  Appellant asserted that the loss prevention officer concluded that the items in her cart were stolen "based solely upon … his observation via closed circuit cameras, despite the evidence that [Appellant] was in possession of a receipt for these items that was never checked[.]"  ***Id.***

The trial court addressed Appellant's sufficiency challenge as follows:

Contrary to Appellant's insistence that the Commonwealth adduced no evidence at trial that Appellant left the Target store with merchandise for which she had not paid, the record demonstrates otherwise. As noted by Appellant, Target Security Specialist Alex Austin testified that he watched live store security footage of Appellant['s] passing by all open registers with several items in her cart. None of these were bagged, and Security Specialist Austin specifically testified that Appellant did not pay for any of those items as evidenced in the videos preserved for trial.

The jury also watched Appellant pass through all registers without paying on video recordings the Commonwealth entered into evidence at trial. Although Appellant can be seen holding a piece of paper in her hand in one of those videos, Security Specialist Austin testified that he did not believe that paper was a receipt from the night in question and for the items in the cart Appellant was pushing. Additionally, Detective Ransom testified[,] and the [b]ody [c]amera [f]ootage confirmed[,] that Appellant could not show him a store receipt. Detective Ransom did testify, however, that Appellant provided a false name and date of birth upon questioning. The jury may have inferred that Appellant was hiding something by not providing law enforcement with her real name and date of birth. Detective Ransom positively identified Appellant as the woman he encountered pushing a cart full of merchandise out of the Metroplex Target store on February 15, 2022, and leaving with a male in an orange Chevy registered to Appellant. All credibility determinations were within the jury's purview. Moreover, the jury asked to see the DMV license photographs of Appellant again to confirm the alleged identity of the female that they observed on the video and that Detective Ransom testified he had encountered that night.

Given the evidence adduced at trial, it was well within the jury's province to conclude that the woman they observed on the video recording had not paid for the items in the cart she was pushing and [which she] loaded into the trunk of the Chevy[,] and that Appellant was, in fact, that woman. Thus, viewing the evidence in the light most favorable to the Commonwealth as the verdict-winner, the evidence is sufficient to sustain Appellant's conviction for retail theft[.]

TCO at 15-17.

Now, on appeal, Appellant presents a different challenge to her retail-theft offense. Specifically, she argues that the evidence was insufficient to support her conviction for that crime being graded as a felony of the third degree. However, no mention of the supposedly improper felony grading of Appellant's retail-theft offense appears in her concise statement. Thus, Appellant has not preserved her claim that the evidence was insufficient to support her being convicted of retail theft graded as a third-degree felony.[3] *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P 1925(b) Order, 6/17/24, at 1 (warning that "any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived") (unnumbered page); *see also*

---

[3] We note that, aside from Appellant's waived challenge to the grading of her retail-theft conviction, we agree with the trial court that the evidence clearly sufficed to establish that Appellant committed that offense. As the court stressed, the jury watched video footage of Appellant, at the store's closing time, pushing a cart filled with merchandise past the area of the store with cash registers without stopping to pay. Security Specialist Austin testified that Appellant did not pay for the items in her cart. N.T. Jury Trial, 11/13/23, at 37, 48, 52. Appellant's companion also left the store without paying for the merchandise in his shopping cart. *Id.* at 51-52. After exiting the store, the couple loaded their car with these items and simply took off. *Id.* at 52. Also, Appellant gave a false name and birthdate to the investigating officer, indicating an attempt at misdirection. Based upon this evidence, there was sufficient proof of Appellant's taking possession of merchandise from the Target store without paying for it, which constitutes the offense of retail theft. *See Commonwealth v. Dent*, 837 A.2d 571, 576 (Pa. Super. 2003) (holding that, where the appellant had two sets of fake nails in her handbag as she attempted to leave a retail store, with no evidence of a completed purchase of the merchandise, the appellant was guilty of retail theft).

*Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[.  T]herefore, we look first to the language of that order.") (citations omitted; some brackets added).[4]

Appellant also briefly asserts that her convictions for criminal conspiracy and receiving stolen property were not supported by sufficient evidence.

_____

[4] We recognize that "[a] claim that the court improperly graded an offense *for sentencing purposes* implicates the legality of a sentence." *Commonwealth v. Mendozajr*, 71 A.3d 1023, 1027 (Pa. Super. 2013) (citations omitted; emphasis added).  Here, however, Appellant's claim involves the sufficiency of the evidence to sustain her underlying conviction; she does not challenge the grading of the offense as it relates to the sentence that was imposed.  Indeed, Appellant specifically *agreed* to her sentence.  At the sentencing hearing, prior to the trial court's imposing sentence, the Commonwealth announced that the parties had negotiated a sentence of one year of probation, starting that day.  N.T. Sentencing, 1/17/24, at 2.  Appellant stated her agreement with this resolution, and the trial court likewise agreed.  *Id.* at 3, 5.  On appeal, Appellant makes no mention of her sentence for retail theft.  It thus appears that she does not wish to be resentenced to a lesser-graded offense, which would be the result if we concluded that her offense was improperly graded for sentencing purposes.  *See, e.g.*, *Commonwealth v. Muhammed*, 219 A.3d 1207, 1213 (Pa. Super. 2019) (stating that if a sentence is illegal, the entire sentence must be vacated and the matter remanded for imposition of a new sentence).  Instead, Appellant wishes that her retail conviction be vacated, based on her argument that the evidence failed to prove she committed a felony retail theft.  This sufficiency challenge to Appellant's *conviction* is waivable, and has been waived based on her failure to include it in her Rule 1925(b) statement.  *See Commonwealth v. Spruill*, 80 A.3d 453, 463-64 (Pa. 2013) (holding that, because the defendant's challenge to the grading of her offense involved her underlying conviction at trial and not the sentence imposed, the claim did not implicate the legality of her sentence and, thus, it was subject to waiver).

However, these charges were not mentioned in Appellant's concise statement at all. Thus, they are likewise waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Snyder*, 316 A.3d 178, 181 (Pa. Super. 2024) ("Any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review.").

In her second issue, Appellant seemingly maintains that her waiver of future PCRA review, done so that she can obtain unitary review and assert ineffectiveness claims on direct appeal, should be invalidated. Preliminarily, we note that in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA. *Holmes*, 79 A.3d at 576. The *Holmes* Court held that the trial court may address claims of ineffectiveness outside of the PCRA where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review." *Id.* at 577.

Here, Appellant first argues that

> [t]he basis for unitary review requested by [her counsel] was that Appellant was only serving a one (1) year probationary sentence dated from January 17, 2024, and would no longer be serving a sentence in time for PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(1)(i).

Appellant's Brief at 42. Appellant now claims that this Court should permit her to file a PCRA petition alleging the ineffectiveness of her trial counsel because new criminal charges have been filed against her, and "[i]t is anticipated that a probation violation will be filed by the Commonwealth, which means that Appellant could be facing resentencing on all of [her] criminal convictions herein." *Id.* at 43. Appellant also argues that the colloquy regarding her waiver of her PCRA rights was inadequate.

After carefully reviewing the record, we conclude that Appellant's arguments that she should be permitted to file a PCRA petition because her probation will likely be revoked, and because of the claimed errors in her unitary review proceeding, were not preserved in her Rule 1925(b) concise statement of errors complained of on appeal. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Commonwealth v. Sexton*, 222 A.3d 405, 413 n.3 (Pa. Super. 2019) (stating that issues not raised in a Rule 1925(b) statement will be deemed waived for review). *See also Greater Erie Indus. Dev. Corp.*, 88 A.3d at 225 ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (citations omitted; some brackets added); Pa.R.A.P 1925(b) Order, 6/17/24, at 1 (single page) (warning "that any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be

deemed waived"). Accordingly, Appellant's second issue is waived, and we consider it no further.

In her final issue on appeal, Appellant asserts that her trial counsel was ineffective for failing to properly investigate whether her prior retail theft convictions had been expunged and advise Appellant of the consequences of those convictions. According to Appellant, she believed that her prior convictions had been expunged and, had she known they were not — and that, consequently, her instant retail theft offense would be graded as a felony — she would have entered a guilty plea and not proceeded to trial.

Where, as here, an appellant asserts that they received ineffective assistance of counsel, the following standards apply:

> [An appellant] will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal citations omitted). If an appellant fails to satisfy any prong of the ineffectiveness

standard, the claim will fail. ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa. Super. 2009).

In evaluating Appellant's assertion of ineffectiveness, the trial court first noted that she had raised contradictory claims. TCO at 21. On one hand, Appellant argued that she would have accepted the plea deal offered by the Commonwealth if she had known that her convictions were not expunged. ***Id.*** On the other hand, Appellant claimed that she wanted to go to trial because she believed that the Commonwealth could not prove that she stole more than $1,000 in merchandise. ***Id.*** In noting this dichotomy, the trial court found "[Appellant's] testimony and assertions lacking in credibility and devoid of merit." ***Id.***

Further, the trial court noted that Appellant did not call trial counsel to testify at the hearing on her ineffectiveness claim. ***Id.*** at 22. In order to prevail on the claim of ineffective assistance of counsel, Appellant must prove that her trial counsel did not have a reasonable basis designed to effectuate her best interests in failing to address the potential expungement of her prior retail-theft convictions. ***Spotz***, ***supra***. Our Supreme Court has stressed that, when handling a claim of ineffective assistance, the reviewing court

> should not glean or surmise from the record whether [counsel] had a reasonable basis for his action or inaction. It is only in the most clear-cut cases that the reasons for the conduct of counsel are clear from the record. Thus, only where the record clearly establishes that the action or omission of [counsel] was without a reasonable basis should the court resolve the reasonable basis prong [without hearing counsel's strategy].

***Commonwealth v. McGill***, 832 A.2d 1014, 1022 (Pa. 2003).

Appellant's failure to question trial counsel about the basis for his trial strategy is fatal to her claim of ineffective assistance. It is well-established that counsel is presumed to be effective, and it is the defendant's burden to prove otherwise. ***Commonwealth v. Pitt***, 313 A.3d 287, 293 (Pa. Super. 2024). Without counsel's explanation for his actions or trial strategy, we are precluded from concluding that he had no reasonable basis for his actions, and the claim of ineffective assistance of counsel necessarily fails. ***Commonwealth v. Reaves***, 923 A.2d 1119, 1131 (Pa. 2007) (holding that, where counsel was not heard from at the ineffectiveness hearing, the court could not presume that he lacked a reasonable basis for his actions).

We note that Appellant acknowledges that "[t]he only issue [was] whether counsel had a reasonable strategic basis for his action or inaction." Appellant's Brief at 58. Although she admits that she did not call her trial counsel to the stand at the PCRA hearing, ***id.***, she claims that her ineffectiveness claim was proven based on the trial court's statement that "there is no record proof that Attorney Showers discussed the grading and potential exposure with her." ***Id.*** (citing TCO at 23).

Appellant patently misstates the court's decision. The court explained:

> ***Contrary to Appellant's claim*** that there is no record proof that Attorney Showers discussed the grading and potential exposure with her, the record indicates that Attorney Showers had conveyed the last offer of amending the offense to a grading of a misdemeanor of the first-degree[,] with no further penalty to Appellant[,] four (4) days prior and she rejected that offer, instead exercising her right to trial. Appellant did not seek out Attorney Showers' testimony for the hearing. Accordingly, this court declined to find counsel ineffective without him first having had

- 16 -

the opportunity to address Appellant's claim[,] and solely on the basis of Appellant's accusation[,] when this court found Appellant's testimony and assertions completely lacking in credibility.

TCO at 23-24 (emphasis added).

In other words, the court determined that the record showed that counsel **did have** discussions with Appellant about the felony grading of her instant offense and, because Appellant did not call counsel to the stand, the court could not accept her unproven assertion that counsel's advice was unreasonable. The court also did not find credible Appellant's claim that she would have accepted a plea offer and not proceeded to trial, had she known that her prior retail-theft convictions had not been expunged. Given this record, we agree with the trial court that Appellant has failed to establish that her counsel was ineffective. Finding no merit to the claims raised in this appeal, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/6/2025

- 17 -